IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BUTLER BROWDER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CASE NO.: 2:07-CV-00391-ID** |
| **UNITED STATES POSTAL SERVICE,** | ) |
| | ) |
|     **Defendant.** | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION TO DISMISS

COMES NOW, the Plaintiff, by and through counsel, and filed this Motion for Leave to File a response to Defendant's Motion for Summary Judgment or in the Alternative Motion to Dismiss. As grounds therefor, the Plaintiff shows as follows:

1. The undersigned counsel, through clerical error, erroneously calendared the due date for Plaintiff's response as October 28, 2007;

2. Plaintiff would be unduly prejudiced if he is not granted leave to file his response.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff hereby respectfully requests that this Court allow him to file said response.

Respectfully submitted this the 29th day of October, 2007.

                                            s/ANDY NELMS
                                            K. ANDERSON NELMS (NEL022)
                                            P.O. Box 5059
                                            Montgomery, AL 36103
                                            Phone: (334) 263-7733
                                            Fax: (334) 832-4390
                                            andynelms@andersonnelms.com
                                            ASB-6972-E63K

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing on the following parties and/or counsel by CM/ECF or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this 29th day of October, 2007.

R. Randolph Neeley
Kathy Janowicz

                                  s/ANDY NELMS
                                  K. ANDERSON NELMS (NEL022)
                                  P.O. Box 5059
                                  Montgomery, AL 36103
                                  Phone: (334) 263-7733
                                  Fax: (334) 832-4390
                                  andynelms@andersonnelms.com
                                  ASB-6972-E63K

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BUTLER BROWDER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES POSTAL SERVICE,** )<br>)<br>**Defendant.** ) | CASE NO.: 2:07-CV-00391-ID |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, by and through counsel, and hereby responds to the Defendant's Motion to Dismiss, as follows:

**I. STATEMENT OF THE CASE**

In 1969, the Plaintiff, a black male, began working for the U.S. Postal Service as a preferred eligible disabled veteran. Plaintiff was employed with the U.S. Postal Service as a mail handler until 2006. Throughout his employment, the Plaintiff used his sick leave only when he was physically unable to work. It should be noted that mail handlers are required to stand, bend, lift (up to 70 pounds) and walk continuously during their work hours. On or about April or May 2005, the Plaintiff filed an EEO complaint alleging racial discrimination regarding the promotional practices utilized by the Montgomery, Alabama GMF Postal Facility. Immediately after the Plaintiff filed his EEO complaint, he was harassed, disciplined unfairly and was subjected to different standards an duties than other similarly situated employees.

On November 1, 2005, the Plaintiff submitted a request for FMLA which was approved on November 13, 2005. On or about February 2, 2006, the Plaintiff received a Notice of Proposed Removal. On April 13, 2007, the Plaintiff filed a charge of discrimination with the EEOC. The

EEOC issued a Right To Sue letter to the Plaintiff on May 20, 2007. The Plaintiff filed suit *pro se* on June 19, 2007, Case No.: 2:07-CV-546-MEF, alleging race discrimination and reprisal discrimination under Title VII of the Civil Rights Act of 1964 and 29 U.S.C. §2601 *et seq*.

On or about May 4, 2007, the undersigned counsel filed the above styled cause of action claiming an action pursuant to the Family and Medical Leave Act of 1993 (FMLA); 29 U.S.C. §2601 *et seq*. The Defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment on August 28, 2007.

## BACKGROUND

## II. STATEMENT OF MATERIAL FACTS

1. In 1969, the Plaintiff, a black male, began working with the U.S. Postal Service and continued to work for the U.S. Postal Service for 36 years. During the time of said employment, the Plaintiff has received numerous commendations.

2. During his employment, the Plaintiff submitted documentation from physicians pertaining to sick leave complying with rules and regulations of the Defendant regarding sick leave. (See Exhibit "A").

3. The Plaintiff was restricted to light duty and documentation was submitted regarding said restricted duty. (See Exhibit "B"). The Plaintiff was then informed that there was no restricted duty available and was instructed by the Defendant to apply for FMLA.

4. On November 1, 2005, the Plaintiff submitted a request for leave pursuant to FMLA and said request was approved on November 15, 2005. (See Exhibit "C").

5. The Plaintiff was directed to submit documentation from a physician regarding his FMLA leave and did so. (See Exhibit "D").

6.   While on the approved FMLA leave, on January 10, 2006 and on January 17, 2006, the Plaintiff was directed to report to work for an investigative interview. (See Exhibit "E").

7.   The Plaintiff submitted written documentation regarding the request for him to attend an investigative review. (See Exhibit "F").

8.   At no time while on approved sick leave did the Plaintiff violate any rules, regulations or policies of his employer regarding sick leave. (See Exhibit "G").

### III. LEGAL ARGUMENT

**A. SUMMARY JUDGMENT STANDARD**

Under the provisions of Rule 56 ( c), F.R.C.P., summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56( c ), the non-movant must set forth "specific facts showing that there is a genuine issue for trial" *Id*. In ruling, the Court "must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166 (M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). Although the court should review the record as a whole, it must disregard all

evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, pp. 299-300 (2d Ed. 1995); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

In an employment discrimination case, the court is required to consider the evidence supporting the plaintiff's prima facie case and any such evidence tending to undermine the defendant's nondiscriminatory explanation. The existence of a prima facie case combined with sufficient evidence for the trier of fact to disbelieve the defendant's proffered nondiscriminatory reason for the employment action it took is sufficient for the trier of fact to infer the ultimate fact of discrimination. *Reeves*, at 147.

**B. ARGUMENT-RETALIATION CLAIMS**

In order to prove retaliation, a Plaintiff first must establish a *prima facie* case, by showing (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between his protected activities and the adverse employment action. *Coutu v. Martin County Board of County Commissioners*, 47 F.3d 1068, 1074 (11th Cir.1995). After Plaintiff establishes his *prima facie* case, the burden then shifts to the defendants to produce a legitimate, non-discriminatory reason for Plaintiff's adverse employment action. *Williams v. Russell Corp.*, 218 F. Supp. 2d 1283, 1295 (M.D.Ala.2002); see *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). The burden then shifts back to Plaintiff to provide evidence sufficient for a reasonable fact finder to conclude that the defendants' reason was pretext for retaliation.

As the Eleventh Circuit held in *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957 (11th Cir. 1997), "[u]nder the established rule of law in this Circuit, a plaintiff can survive a motion for summary judgment or for judgment as a matter of law simply by presenting evidence sufficient to demonstrate a genuine issue of material fact as to the truth or falsity of the employer's legitimate, nondiscriminatory reasons." *Evans*, 131 F.3d at 964-65.

The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and "[n]o additional proof of discrimination is required." *Combs v. Plantation Patterns,* 106 F. 3d 1519, 1529 (11th Cir. 1997) (quoting *Hicks v. St. Mary's Honor Ctr.,* 970 F. 2d 487, 493 (8th Cir. 1992). Plaintiff can demonstrate the defendants' employment decisions are not worthy of belief by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation. *Jackson v. Ala. State Tenure Comm'n,* 405 F. 3d 1276, 1289 (11th Cir. 2005).

Plaintiff maintains he was retaliated against when he suffered various disciplinary actions and subsequently terminated while on documented and approved FMLA leave.

Plaintiff engaged in "protected activity" when he filed EEO complaints.

Plaintiff suffered adverse employment actions when:

    1) He was issued written reprimands,

    2) Previously approved leave was taken away from him,

    3) He was terminate while on approved FMLA leave.

Next, Plaintiff must establish that the decision maker had knowledge of his protected activity, and that there was a causal connection between his protected activity and the adverse employment

action. *Brungart v. BellSouth Telecommunications, Inc.,* 231 F. 3d 791, 799 (11th Cir. 2000). It is well established in the Eleventh Circuit that the causal link requirement in a retaliation case is to construed broadly. *EEOC v. Reichhold Chem., Inc.,* 988 F. 2d 1564, 1571-72 (11th Cir. 1993) ("a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated."). To do so, a plaintiff must generally establish "that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.* "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). However, the causal link is not the sort of logical connection that would justify a prescription that the protected participation did indeed prompt the adverse employment action. If it were, the connection would rise to the level of direct evidence of discrimination. *Hairston v. G'ville Sun Publishing Co.,* 9 F. 3d 913, 920 (11th Cir. 1993).

The decision makers in the adverse employment actions were aware of Plaintiff's protected activity. Additionally, all of the adverse employment actions occurred immediately after Plaintiff first filed an EEO complaint.

Next, since Plaintiff has established his *prima-facie* case of retaliation, he will show why the defendants legitimate, non-discriminatory reasons for taking the adverse employment actions are pretext.

As to the reprimands, the defendants claim they were issued because the Plaintiff's violated rules and regulations regarding sick leave. Plaintiff has presented evidence to the contrary, that Plaintiff's reprimands were bogus and not based on the facts. For instance, Plaintiff never violated any rule, regulation or policy regarding sick leave.

Plaintiff has demonstrated that the Defendants' employment decisions are not worthy of belief by showing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation.

Therefore, based on his *prima facie* case and showing that the defendants' legitimate, non-discriminatory reasons are pretext, Plaintiff has established his claims of retaliation against the Defendants.

## CONCLUSION

The Defendant's arguments contained in its Motion for Summary Judgment or in the Alternative Motion to Dismiss and brief in support thereof is rife with disputes as to material facts between the parties; therefore, the Defendant is not entitled to summary judgment or dismissal.

Respectfully submitted this the 29th day of August, 2007.

s/ANDY NELMS
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing on the following parties and/or counsel by CM/ECF or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this 29th day of October, 2007.

R. Randolph Neeley
Kathy Janowicz

                                      s/ANDY NELMS
                                      K. ANDERSON NELMS (NEL022)
                                      P.O. Box 5059
                                      Montgomery, AL 36103
                                      Phone: (334) 263-7733
                                      Fax: (334) 832-4390
                                      andynelms@andersonnelms.com
                                      ASB-6972-E63K