IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUTLER BROWDER, )<br>)<br>    Plaintiff, )<br>) | |
| ) | Civil Action No. 2:07cv391-ID |
| v. ) | (WO) |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion for summary judgment filed by Defendant United States Postal Service ("Defendant" or "Postal Service").[1] (Doc. No. 15.) The motion is accompanied by an evidentiary submission and a memorandum brief. (Doc. Nos. 15-16.) The court permitted Plaintiff Butler Browder ("Plaintiff") to file an out-of-time response to Defendant's motion. (Doc. Nos. 21-22.)

Plaintiff brings this action against the Postal Service, challenging his termination as violating his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 - 2654. As one ground for its motion for summary judgment, Defendant contends that the doctrine of res judicata forecloses Plaintiff's FMLA claims because Plaintiff raised the same claims in his appeal before the Merit Systems Protection Board and entered into a settlement agreement resolving all issues surrounding his termination.

---

[1] Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. (Doc. No. 15.) In an order entered on August 29, 2007, the court notified the parties that it would treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(b)(6); (Doc. No. 17.)

After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's motion for summary judgment is due to be granted on the basis of res judicata.

## I. STANDARD OF REVIEW

A court considering a motion for summary judgment must construe the evidence and make factual inferences in the light most favorable to the nonmoving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted).

Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact or by showing that the non-moving party has failed to present evidence in support of some element of its case on

which it bears the ultimate burden of proof.  Id. at 322-23, 325.  The burden then shifts to the nonmoving party, which "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Summary judgment will not be entered unless the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.  See id. at 587.

## II.  FACTS[2]

The events which precipitated the filing of the complaint in this action began on February 2, 2006.  On that date, the Postal Service issued a Notice of Proposed Removal to Plaintiff, who had thirty-seven years of accrued service with the Postal Service and worked as a full-time mail handler technician at the Processing and Distribution Center in Montgomery, Alabama.  The Notice outlined four violations, including charges that Plaintiff used sick leave to attend college football games (Charge One) and failed to report to work as directed on January 10, 2006, and January 17, 2006, for an "investigative interview" concerning the improprieties alleged in Charge One (Charge

---

[2] These facts are the material facts and are viewed in the light most favorable to Plaintiff.

3

Two).  (Def. Ex. 1 to Doc. No. 15.)[3]  Pursuant to the Notice, Plaintiff ultimately was terminated, effective March 7, 2006.  (Def. Ex. 2 to Doc. No. 15.)

On April 5, 2006, Plaintiff filed a mixed complaint with the Postal Service's Equal Employment Office ("EEO").  A mixed complaint is one which involves an appealable adverse action and alleges that a basis for the action is discrimination prohibited under 5 U.S.C. § 7702(a)(1)(B).  Specifically, Plaintiff alleged that his removal (*i.e.*, the appealable adverse action) was the product of racial discrimination and retaliation for having engaged in prior protected activity.  (Def. Ex. 2 to Doc. No. 15.)  On July 31, 2006, the Postal Service entered an eight-page Final Agency Decision on Plaintiff's "mixed case complaint of discrimination," rejecting the discrimination and retaliation claims and closing the case with a "finding of no discrimination" with respect to Plaintiff's removal.  (Id.)  Plaintiff was advised that he had a right to appeal the decision to the Merit Systems Protection Board ("MSPB") or that, in lieu of an appeal to the MSPB, he could file a civil action in an appropriate United States District Court.  (Id.)

Plaintiff opted to bring a mixed appeal of the EEO's Final Agency Decision before the MSPB.  (Def. Ex. 3 to Doc. No. 15.)  On the preprinted appeal form, Plaintiff complained, among other things, that he was unlawfully terminated while on approved sick leave.  (Id.)  An administrative judge was assigned to hear Plaintiff's appeal, which was styled Browder v. United States Postal Service, Docket Number AT-0752-06-

---

[3] Defendant's exhibits are attached to Shirley B. Eaves' declaration.  (Doc. No. 15.)  Herein, the court refers to these exhibits as "Def. Ex. __ to Doc. No. 15."

4

1072-I-1. The administrative judge entered an Order and Notice of Hearing and Prehearing Conference, setting various deadlines and directing the parties to submit a statement of facts and issues. (Def. Ex. 4 to Doc. No. 15.) In his statement, Plaintiff complained, in part, that he was directed to report to work while on approved leave under the FMLA, that he was "[d]isciplined for exercising his rights under FMLA when he did not report as instructed on January 10 and January 17, 2006," and that he received the Notice of Proposed Removal while on approved leave under the FMLA. (Def. Ex. 5 to Doc. No. 15.)

On December 4, 2006, the day prior to the hearing scheduled before the administrative judge, the parties settled the case. The administrative judge held a telephonic status conference with the parties for the purpose of reading the terms of the settlement agreement into the record. Under the terms of the settlement agreement, the Postal Service agreed to rescind the removal action, and, in return, Plaintiff agreed to retire from the Postal Service on specified terms and to withdraw the appeal of his termination. Plaintiff also agreed that the settlement agreement encompassed "all pending individual EEO complaints and cases filed by [Plaintiff], and all pending grievances individual[ly] filed by [him]." (Def. Ex. 6 to Doc. No. 15.)

In a written Initial Decision entered the same date, the administrative judge found that the settlement agreement "was lawful on its face" and that the parties entered into the agreement voluntarily and with an understanding of its terms. (Def. Ex. 7 to Doc. No. 15.) The administrative judge entered the agreement into the record and determined that

the "settlement resolve[d] a matter over which the Board had jurisdiction." (Id.) Because Plaintiff "agree[d] to withdraw his appeal" as a result of the settlement agreement, the administrative judge concluded that the settlement agreement "remove[d] the matter from the Board's jurisdiction." (Id.) Jurisdiction was retained "for the limited purpose of considering any enforcement or compliance that may arise under the settlement agreement." (Id.)

On December 12, 2006, Plaintiff timely filed a petition for review with the MSPB in Washington, D.C. (the "Full Board"), arguing that the settlement agreement was coerced and the product of mutual mistake.[4] (Def. Ex. 10 to Doc. No. 15.) On March 6, 2007, the Full Board entered a Final Order, denying Plaintiff's petition for review of the administrative judge's Initial Decision and finding that Plaintiff failed to present any "new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." (Def. Ex. 11 to Doc. No. 15.) In the Final Order, Plaintiff was advised that the administrative judge's Initial Decision was now "final" and that he had a right to request review by the United States Court of Appeals for the Federal Circuit within 60 days of receipt of the Final Order. (Id.) The Final Order also provided the Federal Circuit's mailing address and other information pertinent to

---

[4] In the Initial Decision, the administrative judge advised Plaintiff that a petition for review of his Initial Decision predicated on the ground that the settlement agreement was "unlawful," "involuntary" or "the result of fraud or mutual mistake" had to be filed with the Full Board within specified time lines.

6

filing an appeal and referred Plaintiff to 5 U.S.C. § 7703, the statute granting judicial review of the MSPB's Final Order. (Id.)

Ultimately, rather than seeking review in the Court of Appeals for the Federal Circuit, Plaintiff filed a petition on April 13, 2007, with the Office of Federal Operations of the Equal Employment Opportunity Commission ("EEOC"), asking for review of the Final Order issued by the MSPB and again asserting involuntariness, fraud or mutual mistake as grounds for invalidating the settlement agreement. (Def. Ex. 12 to Doc. No. 15.) On May 15, 2007, the EEOC entered a decision denying Plaintiff's petition for review, concluding that neither the administrative judge's Initial Decision nor the MSPB's Final Order gave Plaintiff appeal rights to the EEOC and finding that it did not have "jurisdiction over settlement agreements entered into before the [Merit Systems Protection] Board." (Def. Ex. 13 to Doc. No. 15.) Subsequently, on June 12, 2007, the EEOC denied Plaintiff's motion to reconsider its decision. (Def. Exs. 14-15 to Doc. No. 15.)

This lawsuit followed. On May 4, 2007, Plaintiff filed this action against Defendant, asserting FMLA claims arising from his former employment as a postal service employee. In the two-count complaint, Plaintiff alleges that, while he was on approved leave pursuant to the FMLA, his supervisors directed him to attend meetings on January 10, 2006, and January 17, 2006, "reprimanded" him and ultimately "terminated" his employment. (Compl. ¶¶ 12-13.) In Count I, Plaintiff alleges that Defendant interfered with his right to take leave by reprimanding him "while he was on FMLA leave

7

for a serious health condition" (Count I) and that, thereafter, Defendant terminated him in retaliation against Plaintiff's "exercise of his rights under the FMLA" (Count II). (Id. ¶¶ 16, 19.) In his complaint, Plaintiff does not challenge the validity of the settlement agreement or seek review of the MSPB's determination. In fact, Plaintiff avoids any mention of his settlement agreement with the Postal Service or reference to the proceedings before the MSPB. Plaintiff predicates subject matter jurisdiction over his FMLA claims pursuant to 29 U.S.C. § 2617(a)(2), seeking declaratory and injunctive relief, liquidated damages, back wages, costs and attorney's fees.[5]

Defendant responded by filing a motion to dismiss or, in the alternative, motion for summary judgment. (Doc. No. 15.) In an Order entered in August 2007, the court notified the parties that it was treating Defendant's motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 17.)

### III. DISCUSSION

Defendant raises res judicata as one ground for its motion for summary judgment. Because the court finds that summary judgment is appropriate on the basis of res judicata, the court need not, and declines to, reach Defendant's other grounds for summary

---

[5] The court notes that 29 U.S.C. § 2617(a)(2) provides covered employees, including postal service employees, a private right of action to remedy violations of the FMLA. 29 C.F.R. § 825.109; Goodum v. White, No. 03 C 3257, 2006 WL 566469, *14 (N.D. Ill. March 3, 2006).

judgment. Before discussing res judicata, however, the court briefly addresses Defendant's reference to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

In its motion (Doc. No. 15), Defendant invokes Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits a defendant to raise by motion the defense of lack of subject matter jurisdiction. See Fed. R. Civ. 12(b)(1). In its accompanying brief (Doc. No. 16), however, Defendant does not cite Rule 12(b)(1) or specifically argue that the court lacks subject matter jurisdiction over the FMLA claims at issue. Citing 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295, among other authorities, Defendant does argue that "all" of Plaintiff's claims are "barred" by the settlement agreement which the MSPB found valid in a Final Order and that the Court of Appeals for the Federal Circuit is the only court with "jurisdiction" to hear an appeal from an MSPB Final Order sustaining the validity of a settlement agreement.[6] (Doc. No. 16 at 6-11.) Plaintiff, though, does not challenge the validity of the settlement agreement either in his complaint or in any other

---

[6] Defendant refers to "all" claims because it has combined its arguments for dismissal of this lawsuit with its arguments for dismissal of Plaintiff's related, but separate, discrimination lawsuit which also is pending in this district, but before another judge.

pleading in this case.⁷  The court's subject matter jurisdiction to rule on the legality of the settlement agreement, therefore, is not at issue.

Generally, a court should address jurisdictional arguments first when a motion is filed pursuant to Rule 12(b)(1) and Rule 12(b)(6).  See Hitt v. Pasadena, 561 F.2d 606, 608 (5th Cir. 1977).  Here, however, the court finds that the issue, as Defendant frames it, of whether the settlement agreement "bars" Plaintiff from pursuing his FMLA claims in this lawsuit is appropriately addressed under the summary judgment standard, rather than as a jurisdictional issue under Rule 12(b)(1).⁸  The court's rejection of the Rule 12(b)(1) standard of review is not a rejection of the substance of Defendant's motion.  Plaintiff is attempting to use this judicial forum to circumvent a settlement agreement reached in the quasi-judicial tribunal, and, for the reasons to follow, the court finds that he cannot do so based upon principles of res judicata as applied under Rule 56's summary judgment standard.

---

⁷ The court notes that, in its motion, Defendant says that Plaintiff "vehement[ly] oppos[es] the validity of the settlement agreement," (Doc. No. 16 at 6), but Plaintiff has not made that argument in this case

⁸ Relatedly, the court notes that exhaustion of administrative remedies has not been raised in Defendant's motion and is not at issue.  Unlike statutes such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the FMLA does not contain an exhaustion requirement, and, resultantly, a number of courts have concluded that an FMLA plaintiff "is not required to exhaust administrative remedies" before bringing suit. See Krohn v. Forsting, 11 F. Supp.2d 1082, 1085 (E.D. Mo. 1998); Kingsby v. Potter, No. 06C0679, 2007 WL 636601, *6 (E.D. Wis. Feb. 26, 2007); Casey v. U.S. Dept. of Treasury, Civ. Act. No. 07-3324, 2007 WL 4373595, *2 (E.D. Pa. Dec. 11, 2007).

B. Res Judicata

Defendant argues that res judicata bars Plaintiff's present FMLA challenges to his termination because the same claims were raised in the MSPB appeal which Plaintiff withdrew based upon the settlement agreement. (Doc. No. 16 at 6, 11-13.) Specifically, Defendant argues that the MSPB's "2006 decision – which found the settlement agreement settling the issues connected to Plaintiff's discharge to be valid – is res judicata" with respect to all substantive claims Plaintiff raises in this case. (Doc. No. 16 at 12.) In his response to the summary judgment motion, Plaintiff ignores this argument and focuses solely on the merits of his FMLA claims. For the reasons to follow, the court agrees with Defendant.

Created to conserve judicial time and to further certainty in legal relations, res judicata, or claim preclusion, precludes re-litigation of a claim that a party raised or could have raised in a prior adjudication.[9] Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007). Four prerequisites must be satisfied before claim preclusion applies: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v.

---

[9] The court notes that "the term 'res judicata' is used generically to refer to both collateral estoppel, or issue preclusion, and res judicata, or claim preclusion." Burney v. Polk Community College, 728 F.2d 1374, 1378 n.8 (11th Cir. 1984). Here, the court is referring to res judicata in the "second narrower sense of claim preclusion" which "refers to the effect of a judgment in foreclosing the parties from relitigating issues that were or could have been raised in the prior action." Id.

Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Defendant argues that these elements are met.

Elements two and three warrant only brief discussion. Defendant argues, and the court agrees, that the MSPB is a court of competent jurisdiction because it acted in a "judicial capacity" when it dismissed Plaintiff's appeal on the basis of the settlement agreement. Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991); Jordan v. United States Postal Serv., 65 Fed. Appx. 308, 311 (Fed. Cir. 2003) (holding that "a prior decision by" the MSPB "is no less effective as res judicata than one by a judicial tribunal"). Additionally, there is an identity of parties because in this lawsuit Plaintiff seeks relief from the Postal Service, the same as he did in the proceedings before the MSPB. The parties, thus, are identical in both actions.

Elements one and four warrant slightly more discussion. The MSPB dismissed the appeal based upon the settlement agreement, the terms of which were contractually negotiated by the parties. While the MSPB did not resolve the substance of the dispute, it made the settlement agreement part of the record and retained jurisdiction to enforce the terms of the agreement. Because the settlement agreement was reached based upon a private agreement, but was enforceable by a judicial tribunal, the court finds that the settlement agreement is substantially akin to a consent or hybrid decree and is "accorded the weight of a final judgment." Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1468 (10th Cir. 1993); Late Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 2d § 4443, at 261-62 (1990) (discussing "hybrid

decrees" which result "in part from adjudication and in part from private agreement" and observing that "matters actually resolved by the court should carry ordinary preclusion consequences, while preclusion depends on the parties' intent as to matters resolved by agreement"). Consequently, the question of whether the final judgment is *on the merits* must be measured by the intent of the parties.[10]  Satsky, 7 F.3d at 1468. In other words, while the court finds that the MSPB's dismissal of the appeal "has a res judicata effect, that effect is controlled by the Settlement Agreement into which the parties entered." Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004). As elaborated upon in Norfolk Southern Corporation, where the parties "consent" to the dismissal of a suit "based on a settlement agreement . . . the principles of res judicata apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint." Id. "In determining the res judicata effect of an order of dismissal based upon a settlement agreement, [the court] should also attempt to effectuate the parties' intent. The best evidence of that intent is, of course, the settlement agreement itself." Id. at 1289.

     Applying the forgoing principles, the court turns to the settlement agreement at issue in this case. Pursuant to the settlement agreement, the Postal Service agreed to rescind Plaintiff's termination which undisputedly is the same ultimate adverse action

---

[10] The court's finding that there was a final judgment is not altered by the fact that the MSPB administrative judge did not expressly state that the dismissal of the appeal was "with prejudice." See Satsky, 7 F.3d at 1468; see also 5 C.F.R. § 1201.41(c)(2) (regulations relating to settlements before the MSPB).

complained of in this action, and, in return, Plaintiff agreed to retire from the Postal Service. Plaintiff also agreed that the settlement agreement resolved "all pending MSPB cases filed by [him], and all pending individual EEO complaints and cases filed by [him], and all pending grievances individual[ly] filed by [him]." (Def. Ex. 6 to Doc. No. 15.) Plaintiff's pending MSPB case included specific accusations that the Postal Service directed Plaintiff to report to work, knowing that he was on approved leave pursuant to the FMLA, and "[d]isciplined" him and ultimately terminated him "for exercising his rights under FMLA when he did not report as instructed on January 10 and January 17, 2006." (Def. Ex. 5 to Doc. No. 15); (see also Def. Ex. 3 to Doc. No. 15 (delineating in his appeal form to the MSPB that he was unlawfully fired while on authorized sick leave). The court finds that it is clear by the terms of the settlement agreement that the parties intended the agreement to constitute a final settlement regarding Defendant's liability with respect to the FMLA challenges Plaintiff raised in his MSPB appeal concerning his discipline and termination from the Postal Service. Plaintiff has offered no evidence or argument to contradict the clear scope of the settlement agreement. Accordingly, the court concludes that the settlement agreement represents a final judgment on the merits as to these FMLA matters. The first element of the res judicata test, therefore, is satisfied.

Finally, the court turns to the issue of whether the FMLA claims in the lawsuit mirror the FMLA claims which Plaintiff included in his appeal to the MSPB and which pursuant to the terms of the settlement agreement Plaintiff resolved and forfeited. In this

lawsuit, invoking the protections of the FMLA, Plaintiff complains again that, while he was on approved leave pursuant to the FMLA, he was "reprimanded" and "terminated" after he failed to comply with his supervisors' directives to report to work on January 10, 2006, and January 17, 2006, and, further, that Defendant "interfer[ed] with Plaintiff's rights" under the FMLA "[b]y reprimanding [him] while he was on FMLA leave for a serious health condition." (Compl. ¶¶ 13-14.) The court finds that these claims, which are embodied in the two counts of Plaintiff's complaint, plainly fall within the parameters of those claims which Plaintiff and Defendant previously settled pursuant to their agreement.[11] The claims in both actions are the same, and, thus, the fourth element of the res judicata test is satisfied. Stated differently, the court finds that Plaintiff has failed to raise a genuine issue of material fact as to whether the settlement agreement was intended to settle the FMLA claims at issue in this litigation.[12]

---

[11] Plaintiff's brief filed in opposition to the summary judgment motion further confirms the nature of the claims at issue in this case. In his brief, Plaintiff asserts that "he was retaliated against when he suffered various disciplinary actions" (*i.e.*, was "issued written reprimands" and denied "[p]reviously approved leave"), and was "subsequently terminated while on documented and approved FMLA leave." (Doc. No. 21 at 5.)

[12] The court notes that at least two other courts have found on summary judgment that settlement agreements entered into between an employee and employer before the MSPB precluded the employee from bringing further actions challenging the personnel action which was resolved as a result of the settlement agreement. See Wilson v. Brown, No. Civ.A. 3:97-CV-48, 1998 WL 965981 (N.D.W.Va. Aug. 5), aff'd without op., 166 F.3d 1212 (4th Cir. 1998); Green v. Small, No. Civ.A. 05-1055(ESH), 2006 WL 148740 (D.D.C. Jan. 19, 2006).

15

In sum, the court finds that the criteria for applying the doctrine of res judicata are evident in the present lawsuit, and, thus, Plaintiff's claims are barred. Accordingly, Defendant's motion for summary judgment is due to be granted.

## IV.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant's motion for summary judgment based upon the doctrine of res judicata be and the same is hereby GRANTED. A final judgment shall be entered separately.

Done this 19th day of March, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE